UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 JUN 29 A 10: 15

| | |
|---|---|
| EMILIA STRONG SYKES<br>133 Furnace Run Drive<br>Akron, Ohio 44307, | : <br> : <br> : |
| and | : |
| BARBARA SYKES<br>133 Furnace Run Drive<br>Akron, Ohio 44307, | : <br> : <br> : |
| and | : |
| VERNON SYKES<br>133 Furnace Run Drive<br>Akron, Ohio 44307 | : <br> : <br> : |
| Plaintiffs, | : |
| vs. | : |
| BENJAMIN F. PAYTON<br>President<br>Tuskegee University<br>Tuskegee, Alabama 36088 | : <br> : <br> : <br> : |
| and | : |
| DEAN PETER SPEARS<br>Tuskegee University<br>Tuskegee, Alabama 36088 | : <br> : <br> : |
| and | : |
| MINNIE R. AUSTIN<br>Director<br>Student Life and Development<br>Tuskegee University<br>Tuskegee, Alabama 36088 | : <br> : <br> : <br> : <br> : |

Case No. 3:06cv582-MHT

Judge Thompson

and

TUSKEGEE UNIVERSITY
Tuskegee, Alabama 36088

Defendants.

RECEIVED
2006 JUN 29 A 10: 15
[DISTRICT CLERK]
[M.D. DISTRICT ALA]

## VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND FOR INJUNCTIVE RELIEF

### INTRODUCTION

1. This action is brought by Emilia Strong Sykes, a citizen of Ohio and student at Tuskegee University and her parents Barbara and Vernon Sykes, also citizens of Ohio. On April 20, 2006, Emilia Sykes was crowned by Defendants as Miss Tuskegee University. On June 12, 2006, notwithstanding Ms. Sykes' justifiable detrimental reliance upon defendants representations and acts conferring the title of Miss Tuskegee University upon her, circumstances which estop Defendants from acting contrary to their representations, Defendants, without notice or opportunity to be heard purportedly revoked the title of Miss Tuskegee University from Emilia Sykes, all as set forth in the correspondence at Exhibit "A". By reason of defendants' representations, on which Emilia Sykes and her parents detrimentally relied, and in violation of Plaintiffs' right to due process of law, this action has been filed seeking an immediate order with temporary restraint that prohibits defendants from revoking Miss Sykes Miss Tuskegee University title.

### JURISDICTION

2. Jurisdiction in this district court over this action arises under the provisions of 28 U.S.C. §1331 and 1332. Plaintiffs due process claims are cognizable in federal court by reason of the provisions of 42 U.S.C. §1983 and the Fourteenth Amendment to the

2

United States Constitution. Plaintiffs are citizens of Ohio. All Defendants are Alabama citizens. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Accordingly, jurisdiction is also founded upon diversity of citizenship.

## VENUE

3. Venue in this action is properly laid in the Middle District of Alabama for the reason that jurisdiction is not founded solely on diversity of citizenship, defendants all reside in the Middle District of Alabama, and a substantial part of the events which give rise to this action occurred in the Middle District of Alabama.

4. Plaintiff, Emilia Strong Sykes, is a student at Tuskegee University. Ms. Sykes is a citizen of Ohio. Ms. Sykes has instituted this action to avoid injustice by reason of her detrimental reliance upon representations of Defendants and violation of her right to due process of law.

5. Barbara and Vernon Sykes are the parents of Emilia. In reliance upon representations of Defendants, Barbara and Vernon Sykes detrimentally altered their positions. Specifically, both Barbara and Vernon Sykes, candidates for political office in Ohio, have altered their schedules, made public representations to third parties and expended funds all in reliance upon Defendants representations that Emilia was Miss Tuskegee University and that the decision was final, notwithstanding claims that the University had made an error in its Miss Tuskegee University scoring process.

6. Benjamin F. Payton is the President of Tuskegee University and a citizen of Alabama. On April 20, 2006, Defendant Payton crowned Emilia Sykes, Miss Tuskegee University, placed a robe on her and authorized the issuance of press releases to the

national and local news media proclaiming that Emilia was Miss Tuskegee University. Defendant Payton is being sued in both his personal and official capacities.

7. Dean Peter Spears is a citizen of Alabama. Dean Spears is being sued in both his personal and official capacities. On April 24, 2006 Plaintiffs met with Dean Spears. Dean Spears represented to Plaintiffs that although a question had been raised concerning the scoring of certain portions of the Miss Tuskegee University pageant, the university intended to stand by the April 20, 2006 result. Dean Spears represented that the results were final and that there would be no further review or investigation into the pageant's results.

8. Defendant Minnie R. Austin is the Director of Student Life and Development and Tuskegee University. Ms. Austin is a citizen of Alabama. Ms. Austin is being sued in both her personal and official capacities. Notwithstanding the representations of Defendants Payton and Spears, which induced Plaintiffs to detrimentally alter their positions and activities in reliance thereon, on June 12, 2006, roughly two months following the announcement of Emilia as the winner of the Miss Tuskegee University pageant, Defendant Austin issued to Emilia Sykes without notice or opportunity to be heard, the correspondence at Exhibit "A", revoking the title and related property interests, that accompany the position of Miss Tuskegee University.

9. Defendant Tuskegee is an Alabama corporation and educational institution. Defendant Tuskegee receives substantial economic aid from both the state of Alabama and the United States.

## **FACTUAL BACKGROUND**

10. Plaintiff Emilia Strong Sykes, a student at Tuskegee University, competed for the title of Miss Tuskegee University.

11. On April 20, 2006, Defendant Payton, acted upon the results announced by judges in the Miss Tuskegee University pageant and personally crowned Ms. Sykes and conferred the title Miss Tuskegee University upon her, all as set forth in the affidavit and photos at Exhibit "B" which are incorporated herein.

12. Following the announcement of Emilia as the pageant winner, rumors began among certain students that the pageant results were in question. Purportedly one of the pageant judges had wrongfully penalized a contestant thereby reducing the contestants' score from first place to second place.

13. In an effort to determine whether there was any validity to the rumors concerning the pageants results, Plaintiffs traveled to Tuskegee. Plaintiffs met with Dean Spears to determine the contest status as fully explained in the affidavit at Exhibit "C". Dean Spears, represented unequivocally that the contest results were final and that there would be no review or investigation.

14. In reliance upon the representations of Defendants Payton and Spears, Plaintiffs, *inter alia*, did the following:

   a) Changed the respective schedules to accommodate the conference and appearance schedule of Emilia as Miss Tuskegee University. For instance, Emilia, a McNair Scholar, decided not to attend certain academic activities by reason of the requirement to attend a conference for university pageant winners;

5

b) Plaintiffs modified their political campaign schedules and activities, i.e. appearances, fundraisers, etc. in order to accommodate Emilia's Miss Tuskegee University schedule;

c) Plaintiffs have appeared in news articles nationally and received accolades from numerous organizations based upon the representations of Defendants, that Emilia was Miss Tuskegee University;

d) Plaintiffs have expended funds to increase Emilia's wardrobe and related items to accommodate her role as Miss Tuskegee University;

e) Plaintiffs have made representations to third parties, based upon Defendants representation that Emilia was Miss Tuskegee University.

## **COUNT ONE – PROMISSORY ESTOPPEL**

15. Plaintiffs incorporate the allegations in Paragraphs 1 through 14 above as though fully stated herein.

16. Under Alabama law where a promise or representation has been made by a party such as the defendants representations here, with the intention or reasonable expectation that it will be acted upon by the other party, the quasi contractual or equitable doctrine of promissory estoppel is available to prevent harm or injustice. See, *Wyatt v. Belsouth, Inc*, 18 F. Supp. 2d 1324, 1998 U.S. Dist. LEXIS 13784 (D. Ala. 1998). A representation which the promisor should reasonably expect to induce action by a promisee and does induce action, is binding if injustice can be avoided only by enforcement of the representation. Id.

17. Here, Defendants clearly represented that Emilia Sykes was Miss Tuskegee

University, Defendants issued press releases, conferred property upon Miss Sykes and stated in reliance upon the representations of Defendants that Miss Sykes was Miss Tuskegee University and there would be no appeal or other review. Based upon defendants' representations Miss Sykes did not participate in cheerleading, something she had done since her first year at Tuskegee, received news attention in the Akron Beacon Journal and Reporter newspapers, did not avail herself of a $2,600.00 stipend available through the McNair Scholars Summer Research Institute and missed the opportunity for research experience, graduate training and college visits. Miss Sykes also received gifts or congratulations from the Girl Scouts of America, Ohio Representative Dixie Allen, Alpha Kappa Alpha Sorority, Inc., the Mayor of Toledo, Ohio and U.S. Senator Barak Obama.

18. Now by reason of Plaintiff's detrimental reliance upon Defendants representations, Mrs. Sykes has been subjected to extreme mental and physical anguish, is unable to respond to persons who believe she is Miss Tuskegee University and has experienced public embarrassment and personal psychological distress.

19. The events described above give rise to an imminent threat of grave and irrepairable harm for which there is no adequate remedy at law.

20. Plaintiffs are able to demonstrate (a) (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the preliminary injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm that the injunction may cause the opposing party; and (4) that granting preliminary injunctive [*3] relief is not adverse to the public interest." *Digitel Corp. v. Deltacom,*

*Inc.* 953 F.Supp. 1486, 1495 (M.D. Ala. 1996) (citing *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991).

21. For the above reasons, an immediate order with temporary restraint in the form at Exhibit "D", should issue. No bond should be required for as the correspondence at Exhibit "A" indicates, Defendants admit their error and acknowledge causing Ms. Sykes anguish.

## SECOND COUNT – PROCEDURAL DUE PROCESS

22. Plaintiffs restate the allegations in paragraphs 1 through 21 as though fully stated therein.

23. On April 20, 2006, Defendants conferred a property interest in the title Miss Tuskegee University and its allied emoluments, upon Ms. Sykes.

24. Defendant Tuskegee University receives substantial financial support from both the State of Alabama and the United States.

25. The actions of Defendants in revoking the Miss Tuskegee University title were taken under color of Alabama law, inasmuch as Tuskegee University is an Alabama Corporation.

26. Defendants acted in secret, without notice or opportunity to the heart, and have not disclosed the evidentiary basis for their action, revocation of the Miss Tuskegee University title.

27. Defendants' action violated Miss Sykes' right to due process of the law and have caused her harm for which there is no adequate remedy at law.

Wherefore, Plaintiffs request the following:

a. An immediate order with temporary restraint in the form at Exhibit "D", which states by reasons of justifiable detrimental reliance, Defendants are estopped from revoking the Ms. Tuskegee University title from Miss Sykes, pending a hearing on Miss Sykes' Motion for a Preliminary Injunction;

b. An accelerated hearing on the motion for a preliminary injunction and consolidation of the hearing with the trial on the merits;

c. Reasonable attorney fees under the provisions of 42 U.S.C. 1988; and

d. Such other relief, including interest and costs, as the Court deems just.

Respectfully submitted,

_____
Percy Squire, Esq.( 0022010)
Percy Squire Co., LLC
65 E. State Street, Suite 200
Columbus, Ohio 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Proposed Counsel for Plaintiffs

## VERIFICATION

I, Vernon Sykes, have read the foregoing Complaint and attached affidavits and they are true to the best of my knowledge, information and belief.

*/s/ Vernon Sykes*

Vernon Sykes, personally appeared before me this day and personally swore as the truth of the foregoing.

Sworn and subscribed before me this 26th day of June, 2006.

*/s/ M. Pavelko*
Notary Public, State of Ohio

MEGAN PAVELKO
Notary Public, State of Ohio
My Commission Expires Sept. 20, 2009

10