UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Emilia Strong Sykes, *et al.* | : | |
| | : | Case No. 3:06 CV 582 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | Judge Thompson |
| Benjamin F. Payton, *et al.*, | : | |
| | : | |
| Defendants. | | |

**PLAINTIFFS' FIRST COMBINED SET OF
DISCOVERY REQUESTS PROPOUNDED TO DEFENDANTS**

Now come Plaintiffs, by and through counsel, under Federal Rules of Civil Procedures 33, 34 and 36, and hereby requests that each of the following Requests for Admissions, Interrogatories and Requests for Document be answered and/or otherwise responded to separately and fully in writing under oath by Defendants by July 17, 2006. The answers and/or responses are to be sent to Percy Squire Co., LLC, 514 S. High St., Columbus, Ohio 43215, via e-mail at psquire@sp-lawfirm.com or fax 1-614-224-6529.

                                                                    _____
Percy Squire, Esq.( 0022010)
Percy Squire Co., LLC
514 S. High St.
Columbus, Ohio 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Counsel for Plaintiffs

## INSTRUCTIONS AND DEFINITIONS

1. The facts set forth below within each Request for Admission shall be deemed admitted unless you serve upon the undersigned a written response or objection within the thirty-day period specified above.

2. If an objection is raised to any Request for Admission, Interrogatory or Document Request, you or your attorney must state the reasons for the objection stating the reasons therefore with an accompanying signature of your attorney if an attorney represents you.

3. The responding party may not give lack of knowledge or information as a reason for failure to admit or deny unless the responding party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable to admit or deny.

4. The responses to each Request for Admission shall specifically admit or deny the matter set forth, or state in detail why the responding party cannot truthfully admit or deny the matter.

5. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the responding party shall specify so much of it as is true and qualify or deny the remainder.

6. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, each Interrogatory must be answered separately and fully in writing, under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer.

<u>Attach an affidavit of the individual responding to these interrogatories prior to returning these interrogatories</u>.

7. You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity and location of documents relating to the subject matter of the instant lawsuit, and the identity of each person it expects to call as a witness at trial. Furthermore, you are under a similar duty to correct any incorrect response when it is later learned that it is incorrect.

8. An evasive or incomplete answer will be deemed a failure to answer under Rule 37(A)(3) of the Federal Rules of Civil Procedure.

9. The terms "you" or "your" throughout these Instructions and Definitions and throughout the Requests for Admissions, Interrogatories and Request for Documents refer to Defendants.

10. Whenever in these Interrogatories and Requests you are asked to "identify" you are requested:

    (a)    <u>when identifying a person to give such person's</u>:

    (i)    full name,
    (ii)    business and residence address,
    (iii)    present or last known position and business affiliation at the time in question.

    (b)    <u>when identifying an oral communication to identify</u>:

    (i)    the parties thereto,
    (ii)    the date of the communication,
    (iii)    the place of the communication,
    (iv)    whether such communication has since been reduced to writing and, if so, identify each document and the present custodian thereof.

    (c)    <u>when identifying a document to</u>:

  (i)  identify the author thereof and the parties,
  (ii)  state its title or other identifying data,
  (iii)  state the date of the document or, if no date appears thereon, the approximate date,
  (iv)  state the exact nature and substance thereof,
  (v)  identify each person having possession, care, custody or control of the original and copies thereof,
  (vi)  if such document was, or no longer is, in your possession or subject to your control, state what disposition was made of it.

  11.  If there are any items which you refuse to disclose on grounds of privilege (of any sort), identify the item generally as to whether it is a document or oral communication, etc., and give its approximate date, the nature of the privilege asserted and the grounds for the existence of the privilege is claimed.

  12.  The space of an answer following each interrogatory or request is furnished in compliance with Rule 33(D) of the Federal Rules of Civil Procedure, and is not intended to limit your response or to suggest in any way the length of the answer that is required. If you cannot respond to an interrogatory in the space provided, please continue your answer on a separate sheet of paper and place the separate sheet of paper after the page on which the interrogatory is located.

  13.  "Documents" are defined as any writings (e.g., memoranda, notes, statements, testimony, reports, surveys, etc.) drawings, graphs, charts, photographs, invoices, phone records, microfilm, videotapes, computer disks, computer tapes, or other data compilations, including the reproduction thereof, from which intelligence can be perceived, with or without detection devices.

**COMBINED DISCOVERY REQUESTS**

1.  **REQUEST FOR ADMISSION NO. 1:** Admit that on April 20, 2006, Ms. Emilia Sykes was crowned by Defendant Payton as Miss Tuskegee University.

**RESPONSE:**

**INTERROGATORY NO. 1:**

(A) If you fail to admit Request for Admission No. 1, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**

(B) If you fail to admit Request for Admission No. 1, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 1:** If you fail to admit Request for Admission No. 1, please produce copies of all documents that support your denial.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that Tuskegee University officials informed Vernon and Barbara Sykes that the results of the Miss Tuskegee University competition were final and that there would be no investigation or appeal.

5

**RESPONSE:**


**INTERROGATORY NO. 2:**

  (A) If you fail to admit Request for Admission No. 2, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**



  (B) If you fail to admit Request for Admission No. 2, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 2:** If you fail to admit Request for Admission No. 2, please produce copies of all documents that support your denial.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 3:** Admit that Defendant Tuskegee University provided no opportunity for Ms. Emilia Sykes to be heard or to otherwise participate in any appellate or investigatory process.

**RESPONSE:**

6

**INTERROGATORY NO. 3:**

(A)   If you deny the immediately preceding request for admission, please state all of the reasons for your denial.

**RESPONSE:**

(B)   If you fail to admit Request for Admission No. 3, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** If you fail to admit Request for Admission No. 3, please produce copies of all documents that support your denial.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**   Admit that on June 12, 2006, Minnie Austin sent correspondence to Emilia Sykes revoking the title of Miss Tuskegee University from her.

**RESPONSE:**

**INTERROGATORY NO. 4:**

  (A) If you fail to admit Request for Admission No. 4, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**

  (B) If you fail to admit Request for Admission No. 4, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** If you fail to admit Request for Admission No. 4, please produce copies of all documents that support your denial.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that there are no rules or regulations that govern the Miss Tuskegee University Pageant.

**RESPONSE:**

**INTERROGATORY NO. 5:**

(A) If you fail to admit Request for Admission No. 5, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**

(B) If you fail to admit Request for Admission No. 5, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** If you fail to admit Request for Admission No. 5, please produce copies of all documents that support your denial.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that there is no formalized or published appeal process for the Miss Tuskegee University Pageant.

**RESPONSE:**

**INTERROGATORY NO. 6:**

(A)   If you fail to admit Request for Admission No. 6, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**


(B)   If you fail to admit Request for Admission No. 6, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  If you fail to admit Request for Admission No. 6, please produce copies of all documents that support your denial.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 7:**  Admit that Miss Tuskegee University receives financial incentives, including a scholarship, from Defendant Tuskegee.

**RESPONSE:**

**INTERROGATORY NO. 7:**

(A) State the names of all persons on the Tuskegee University staff or faculty that participated in the "so called" appeal in this matter and state the roles of each.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents, statements, recordings, reports or other data of any nature whatsoever that was considered or otherwise reviewed during the "so called" appeal process.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that Tuskegee University published rules to govern the 2006 Miss Tuskegee University Pageant.

**RESPONSE:**

**INTERROGATORY NO. 8:**

(A) If you fail to admit Request for Admission No. 8, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**

  (B) If you fail to admit Request for Admission No. 8, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** If you fail to admit Request for Admission No. 8, please produce copies of all documents that support your denial.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that the published rules do not contain any provision for an appeal.

**RESPONSE:**

**INTERROGATORY NO. 9:**

  (A) If you fail to admit Request for Admission No. 9, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**

(B) If you fail to admit Request for Admission No. 9, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:** If you fail to admit Request for Admission No. 9, please produce copies of all documents that support your denial.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:** Admit that Dean Spears told Plaintiffs Vernon and Barbara Sykes that there would be no appeal from the April 20, 2006 pageant result and that the April 20, 2006 decision was final.

**RESPONSE:**


**INTERROGATORY NO. 10:**

(A) If you fail to admit Request for Admission No. 10, please state in detail every fact that supports the basis of your denial.

**RESPONSE:**

  (B) If you fail to admit Request for Admission No. 10, please give the names, addresses and telephone numbers of all individuals who have or know of information that supports your denial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** If you fail to admit Request for Admission No. 10, please produce copies of all documents that support your denial.

**RESPONSE:**

                  Percy Squire, Esq.(0022010)
                  Percy Squire Co., LLC
                  514 S. High Street
                  Columbus, Ohio 43215
                  614-224-6528 Telephone
                  614-224-6529 Facsimile
                  psquire@sp-lawfirm.com
                  Counsel for Plaintiffs

## **A F F I D A V I T**

COUNTY OF _____  )
                                                      ) ss:
STATE OF OHIO                         )

        I, _____, a representative of Tuskegee University, being first duly sworn, depose and state that the above and foregoing is true and accurate.

                                                   _____.

        Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 2006.

(SEAL)
_____
Notary Public
My Commission Expires:

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via facsimile to the party below, on the 6tj day of July, 2006, to the following:

Barbara G. Williams, Esq.
Vice President for Human Resources Management
University Legal Counsel
Tuskegee University
Tuskegee, Alabama 36088
Via Facsimile No. *(334) 724-4319*

 

                                        Percy Squire
                                        Counsel for Plaintiffs

# EXHIBIT "A"