IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EMILIA STRONG SYKES, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO.:  3:06-CV-582 |
| | ) |
| vs. | ) |
| | ) |
| BENJAMIN F. PAYTON, | ) |
| PETER SPEARS, MINNIE R. AUSTIN, | ) |
| and TUSKEGEE UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

**OBJECTIONS TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY
AND SHORTENED NOTICE WITH MEMORANDUM AND/OR IN THE
<u>ALTERNATIVE MOTION TO DISMISS</u>**

COME NOW the defendants, by and through their attorney of record, and file this their Objections to Plaintiffs' Motion for Expedited Discovery with Memorandum on the grounds stated hereinafter:

This case involves the good faith effort by Tuskegee University to correct a scoring error made in the selection of "Miss Tuskegee University" at its recent pageant.

1.    This lawsuit was filed on June 29, 2006.  The consolidated discovery requesting Admissions, Interrogatories, Notice of Deposition, and Request for Production of Documents were filed by plaintiffs on July 7, 2006.  It is a violation of the *Federal Rules of Civil Procedure 26(d)* in that twenty (20) days have not passed since the filing of this complaint.

2.      This is a tactical use and an abuse of the *Federal Rules of Civil Procedure* on discovery. Defendants have barely been given the opportunity to secure counsel for representation in this matter.

3.      The "good cause" requirement in *Federal Rules of Civil Procedure 34* and the work product doctrine of *Hickman v. Taylor, 329 U.S. 495 (1947)*, both demand a showing of justification before production can be had at this early date.  The plaintiffs have made no such showing.  In fact there is no necessity for expedited discovery and shortened notice.  The parties can proceed discovery in their normal fashion.

4.      This court on June 29, 2006 denied the plaintiffs' Motion for Temporary Restraining Order.  The case is set for an evidentiary hearing on Plaintiffs' Motion for a Preliminary Injunction on July 31, 2006 at 10:00 a.m.  There is nothing required in the discovery that cannot be obtained at the hearing.  The parties are already on a short timeline in this matter, as briefs are due July 19, 2006 to decide whether this case is properly before this Court.

5.      Correction of any error made in good faith, is not a violation of any federally guaranteed civil rights.

6.      The crowning of "Miss Tuskegee University" is not a privilege granted by federal constitution or laws, thus, cannot be made basis of action for damages for infringement of civil rights in violation of *U.S. Const. Amend. 14* and *Section 1983 (42 U.S.C. Section 1983).*  There is also no state nexus to the conduct at issue in this case. See *Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003).*

7.      Plaintiffs bring their federal claims pursuant to *42 U.S.C. Section 1983*. There is a single state claim for promissory estoppel.  However, if the federal claim is not good, then jurisdiction does not exist.  State action is required to bring a claim under *Section 1983* and deprivation of a right secured by the constitution.

8.      The issue of jurisdiction can be raised at anytime.  Defendants are raising the issue of lack of subject matter jurisdiction at this time.

9.      It is undisputed that Tuskegee University is a private university.  See *Knight v. State of Alabama, 900 F. Supp. 272 (N.D. Ala. 1995)* (Tuskegee University is a private institution); see also *Alabama App. Att. Gen.,No. 2001-015 (2000 WL 33310770),* October 19, 2000 (concurring with an earlier opinion which states the same).   Further, this Middle District Court recently in *Dr. Thomas M. Oshea v. Tuskegee University, et al, 3.03-CV-00845-MEF-VPM,* Document 58, pages 12-16, ruled that Tuskegee was not a state actor for *Section 1983* purposes.  Thus, this Court lacks subject matter jurisdiction.

10.      Therefore, defendants move to dismiss this action against them for want of federal jurisdiction.  Where the likelihood of proceeding in federal court is slim, it appears unreasonable to incur the expense and time of complying with expedited discovery.

WHEREFORE, PREMISES CONSIDERED, defendants pray that this Honorable Court will grant its Motion to Dismiss and/or at the very least deny Plaintiffs' Motion for Expedited Discovery.

Respectfully submitted,
/s/Ernestine S. Sapp
Ernestine S. Sapp – SAP 004

OF COUNSEL:                              Attorney for Defendants
GRAY, LANGFORD, SAPP,
McGOWAN, GRAY & NATHANSON
P.O. Box  830239
Tuskegee, Alabama  36083-0239
Telephone: (334) 727-4830
Fax:  (334) 727-5877

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, I electronically filed the foregoing **Objections to Plaintiffs' Motion for Expedited Discovery and Shortened Notice with Memorandum and/or  in the Alternative Motion to Dismiss**  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Percy Squire, Esq.
psquire@sp-lawfirm.com

Respectfully submitted,

/s/Ernestine S. Sapp
Ernestine S.  Sapp – SAP 004

E-Mail: esapp@glsmgn.com