IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EMILIA STRONG SYKES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06cv582-MHT |
| | ) | |
| BENJAMIN PAYTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The complaint in this case was filed on June 29, 2006. The plaintiff requested preliminary injunctive relief, and the court set a hearing on that request. The plaintiff now seeks leave of court to conduct "expedited discovery" prior to the hearing and before the conference required by FED.R.CIV.P. 26(f). The court heard argument on this motion on July 12, 2006.

FED.R.CIV.P. 26(d) prohibits a party from conducting any discovery prior to the parties holding a discovery planning conference as required by FED.R.CIV.P. 26(f). The Advisory Committee Notes to the rule state that leave to do discovery before the conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction." *In re Amendments to Federal Rules of Civil Procedure*, 146 F.R.D. 401, 640 (1993). This general reference by the Committee is not dispositive, however. First, discovery conducted at any time remains subject to the requirement that it be relevant to a claim or defense. FED.R.CIV.P.

26(b)(1). Second, whether to allow discovery before the FED.R.CIV.P. 26(f) conference is further subject to the admonition of FED.R.CIV.P. 1 that the Rules of Civil Procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action."

> To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense · · · ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Herbert v. Lando,* 441 U.S. 153, 177 (1979).

The court set the plaintiffs' motion for preliminary injunction for a hearing but that order did not permit any discovery. The court specifically directed the parties to submit briefs on the legal issue of whether Emilia Strong Sykes has a property interest in the title of Miss Tuskegee University sufficient to give rise to a due process claim. Following argument on the motion for expedited discovery, the plaintiff filed an amended complaint which adds a state law claim and more clearly asserts the existence of the requisite jurisdictional amount required under 28 U.S.C. § 1332 for the existence of diversity jurisdiction.

The amended complaint more clearly pleads the state law claim of promissory estoppel and adds a state law claim of intentional infliction of emotional harm. The complaint maintains the due process claim asserted in the original complaint. The

complaint seeks both compensatory and injunctive relief.

Given the impending hearing, the court concludes on balance that some limited discovery on the plaintiff's claims should be allowed. The evidentiary hearing is set for July 31, 2006. The plaintiff proffered to the court a combined set of interrogatories and requests for production of documents and admissions. The court has reviewed these discovery requests and concludes that they are reasonable under the circumstances because they do relate to one or more of her claims, and a response to them will not unduly burden the defendants at this stage of the litigation. Thus, the court will permit them.

The plaintiff also requests leave to depose the named defendants and a representative of the University. The plaintiff's complaint as amended sets forth factual allegations in detail and attaches documents concerning the actions of University officials. Given the factual knowledge possessed by the plaintiff and the information which will come from the discovery permitted by this order, the plaintiff does not explain why these proposed depositions are necessary for the plaintiff to be able to present evidence showing that she has a likelihood of success on the merits of her claims or any other factor required for preliminary injunctive relief. Consequently, the court concludes that the depositions will not be allowed.

Accordingly, it is

ORDERED that the motion for expedited discovery is granted in part and denied in

part as follows:

1.	The defendants shall serve appropriate responses to the plaintiff's combined set of interrogatories and requests for production of documents and admissions on or before July 24, 2006.

2.	No depositions shall be allowed.

Done this 13th day of July, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE