IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EMILIA STRONG SYKES, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO.:  3:06-CV-582 |
| | ) |
| vs. | ) |
| | ) |
| BENJAMIN F. PAYTON, | ) |
| PETER SPEARS, MINNIE R. AUSTIN, | ) |
| and TUSKEGEE UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINIARY INJUNCTION

COME NOW, Defendants Tuskegee University (hereinafter "Tuskegee")' Dr. Benjamin F. Payton (hereinafter "Dr. Payton"), individually and in his official capacity; Dean Peter Spears (hereinafter "Dean Spears"), individually and in his official capacity; Mrs. Minnie R. Austin (hereinafter "Mrs. Austin"), Director of Student Life and Development, individually and in her official capacity, and submit this memorandum brief in accordance with this Court's Order, Document 4, dated June 29, 2006.

## I. INTRODUCTION

Plaintiff Emilia Strong Sykes, a student at Tuskegee complains that she was denied due process under *Section 1983* when Tuskegee corrected a pageant scoring error and removed the title of "Miss Tuskegee University" from her six weeks later, giving it to the clear and true winner.  Plaintiffs Vernon and Barbara Sykes, the parents of Emilia

Strong Sykes, complain that they altered their busy schedules to be with their daughter, received accolades and expended funds to increase her wardrobe.  The Sykes ignore the fact that Tuskegee is a private university.  As a matter of law, state action is an essential prerequisite of a claim under *Section 1983*.  They also make a state law pendent claim of promissory estoppel, which must fail for lack of jurisdiction.

The plaintiffs have requested a preliminary injunction in this matter.  An injunction is only issued in this circuit where it can be shown that:

(1)    A substantial likelihood of success on the merits;

(2)    A substantial threat of irreparable injury if the preliminary injunction is not granted;

(3)    That the threatened injury to the movant out weighs the threatened harm that injunction may cause the opposing party; and

(4)    That granting preliminary injunctive relief is not adverse to the public interest.

All of the above elements must be shown.  *Ferro v. Associated Material Inc., 923 F.2d 1441, 1448 (11ᵗʰ Cir. 1991); Federal Rules of Civil Procedure, 65.*  The burden of proof rests with the plaintiffs.  *Georgia Gazette Pub. Co. v. U.S. Dept. of Defense, 562 F. Supp. 1004, 1008 (S.D. Ga. 1983).*

## II.  STATEMENT OF FACTS

Calida Joy McCampbell won the student popular vote for "Miss Tuskegee University".  Plaintiff Emilia Strong Sykes came in third on the popular vote. The final phase of the competition was the "Miss Tuskegee University Pageant", held on April 20, 2006.  There were four contestants; Contestant #1 – Cristi A. Haygood; Contestant #2 –

Alexis J. Adams; Contestant #3 – Emilia Sykes, and Contestant #4 – Calida Joy McCampbell. There were five judges, with one of the judges also serving as the time-keeper. The original time-keeper didn't show up. Calida Joy McCampbell received the highest total scores at the pageant. However, due to the time-keeper's timing error (failure to reset the clock after Contestant #3), Contestant #4, Calida Joy McCampbell had points erroneously deducted from her score by all judges, far exceeding the three minutes speech time limit. McCampbell immediately contested the result.

Later, upon examination, the official tape of the pageant's speeches and the official pageant's video clearly showed that Calida Joy McCampbell's speech was well below the three minutes time limit. It was only 2 minutes and 27 seconds. Therefore, no points for speech over-time should have been deducted from Contestant #4 – Calida Joy McCampbell. Tuskegee corrected this error and gave notice to the contestants involved by telephone and by letter dated June 12, 2006. Only 1½ month passed before the correction giving Calida Joy McCampbell, the true winner of the pageant, the title of "Miss Tuskegee University". Tuskegee was in recess from May 14, 2006 to June 5, 2006. Tuskegee apologized for the error. It was simply an honest mistake. See the attached Affidavit of Mrs. Minnie R. Austin, Director, Student Life and Development and Pageant Coordinator, which is incorporated herein as if fully setout.

### III. ARGUMENT

Plaintiffs assert a federal claim under *42 U.S.C. Section 1983*. Plaintiffs' claims against the defendants must be dismissed because Tuskegee is not a state actor. Therefore, an injunction should not be granted for the following reasons:

1.      **Substantial Success on the Merits Not Likely**

      A.      **Lack of Jurisdiction**

          To establish a claim under Section 1983, a plaintiff must show "both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000).* Also, see *Clark v. Mickes, 2006 WL 1877084.*

          *Section 1983* provides the following:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding...." 42 U.S.C. §1983.

          It is undisputed that Tuskegee is a private university. See *Knight v. State of Ala., 900 F. Supp., 272, 334 (N.D. Ala. 1995)* ("Tuskegee is a private institution"); see also *Alabama App. Att. Gen., No. 2001-015 (2000 WL 33310770),* October 19, 2000 (concurring with an earlier Attorney General's Opinion in stating that, "Tuskegee University is a private educational institution".

          The plaintiffs assert in their complaint only that Tuskegee receives state and federal monies. However, for the purpose of *42 U.S.C. Section 1983,* a state nexus to the conduct at issue in this case (correction of an error and removing of the title of "Miss Tuskegee") must be shown. See *Focus on the Family, 344 F.3d – at 1278 (11th Cir. 2003)* (quoting *Sullivan, 526 U.S. at 51).* The same result was reached in *Patrick v.*

*Floyd Med. Ctr., supra, at 1313* and *1316* where the state had no hand in the decision, which served as the basis for the lawsuit.

The plaintiffs have not and cannot assert any evidence that demonstrate the involvement of the State of Alabama in Tuskegee's decision to correct a scoring error involved in the "Miss Tuskegee University" Pageant. Thus, Tuskegee is not a state actor and the plaintiffs cannot proceed against the defendants pursuant to *42 U.S.C. Section 1983.*

Defendants submit there is a lack of subject matter jurisdiction. It is not likely that the plaintiffs can win on the merits. Normally, if there is not a federal claim, a pendent state claim (promissory estoppel) is not accepted by the court.

Further, diversity does not exist because the complaint fails to request damages and allege for each plaintiff the requisite federal jurisdictional amount. There are three plaintiffs with <u>separate</u> claims (emphasis added). Jurisdiction depends on the amount demanded in the complaint. Here there is no amount demanded in the complaint. When two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of <u>each</u> be of the requisite jurisdictional amount (emphasis added). Diversity jurisdiction can be sustained only when "the matter in controversy exceeds the sum of value of $75,000.00 exclusive of interests". See *28 U.S.C. Section 1332.* Thus, there is a lack of diversity jurisdiction. Therefore, this case should be dismissed.

Defendants strongly object to plaintiffs' untimely Amended Complaint adding a damage request of $75,000.00 <u>after</u> it was argued at Motion Hearing on July 12, 2006 and pointed out that this Court lacked diversity jurisdiction because of no damages request.

Further, the request is still improper because the law requires that the amount <u>exceeds</u> the value of $75,000.00 exclusive of interests and cost.

Plaintiffs have <u>not</u> demonstrated a substantial likelihood of succeeding on the merits of their federal claim.


**B.      Plaintiff Emilia Strong Sykes Has No Property Interest**
         <u>**In the Title of "Miss Tuskegee University"**</u>

Plaintiff Emilia Strong Sykes claim of receiving a property interest in the title "Miss Tuskegee University", are misplaced.  She complains that she has appeared in news articles, received congratulations from various groups and individuals, and experienced public embarrassment because of removal of "Miss Tuskegee Title".  The United States Supreme Court has held that "reputation" alone does not implicate any "liberty" or "property" interests sufficient to invoke the procedural protection of the due process clause, and something more than simply defamation by the state official must be involved to establish a claim under *Section 1983"*.  See *Paul v. Davis, 424 U.S. 693 (March 23, 1976).*  The *Paul* case involved police action in distributing a flyer with the plaintiff's name and photograph, which was captioned "active shoplifter".  The plaintiff in that case brought suit after the shoplifting charge was dismissed against him.

Property interest usually involves more than tangible interest such as employment.  Again, state action and some act which deprived a person of some right secured by the Constitution or laws of the United States is needed to bring the claim in the instant case under *42 U.S.C. Section 1983* or the Fourteenth Amendment.  See *Paul v. Davis, supra at p. 11.* The mere none designation of the title "Miss Tuskegee University" deprives Plaintiff Emilia Strong Sykes of no legal right or immunity.

*Section 1983* does not apply to private universities such as Tuskegee, for the reasons discussed earlier. It is well established that "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it". He must instead have a legitimate claim of entitlement to it. See *Huffman v. Town of LaPlata, 2005 WL 1038854, citing Board of Regents v. Roth, 408 U.S. 564 (1972)*.

The definition of property, as it is construed today does not recognize the benefit of a contract (or the reliance thereon) as one's property. See *Black's Law Dictionary, 8th Edition (2004)* (defining "property"). It also does not appear that reputation is a property interest. *Hart v. Parks, 450 F.3d 1059 (Ninth Circuit, 2006)*. Therefore, the plaintiffs cannot demonstrate a substantial likelihood of succeeding on the merits of their claim of a property interest in the title "Miss Tuskegee University".

### C. <u>Barbara and Vernon Sykes Lack Standing to Assert Claims</u>

To have standing, a plaintiff must meet three elements. First, the plaintiff must have suffered an "injury in fact", which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct. Third, it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision. *United States v. Hays, 515 U.S. 737, 742-743 (1995) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992))*.

"It has been said that the question of standing to bring an action focuses on the party seeking to bring a complaint before a court and not on the issues the party wishes to have adjudicated". *Smith v. Potts, 304 So.2d 578, 580 (Ala. 1974) citing Flast v. Cohen,*

*392 U.S. 83, 88 (1968); Harman v. City and County of San Francisco, 496 P. 2d 1248 (Cal. 1972))*. "Standing turns on whether the party has been injured in fact and whether the injury is to a *legally protected right".  State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala. 1999)* (internal quotes omitted) (emphasis in original).

"If a named plaintiff has not been injured by the wrong alleged in the complaint, then no case or controversy is presented and the plaintiff has no standing to sue …"  See *Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1137 (Ala. 1998)*. "[W]hen a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction".   See *Property at 2018 Rainbow Drive, 740 So.2d at 1028; Kid's Care, Inc. v. Alabama Dept. of Human Resources, 2002 WL 1998288, 2 (Ala. 2002) (quoting Brown Mech. Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932, 937 (Ala. 1983) (citing Reid v. City of Birmingham, 150 So.2d 735, 744 (1963))*.

Here Plaintiffs Barbara and Vernon Sykes complain of altering their busy schedule, making public representation to third parties and buying their daughter some new clothes.  While they may be "affected" in some way … they have not been directly affected by invasion of any legally protected interest.  The plaintiff must generally assert their own legal rights and interest and cannot rest his or her claim to relief on the legal rights or interest of third parties.  See *Warth v.  Seldin, 422 U.S. 490.*  The source of the parents' claim appear to be the interest of their daughter.  The parents have not alleged, although attempted, a distinct and palpable injury to themselves.   If and only if, anyone has standing, it could only be the daughter, Emilia Strong Sykes.

2.    **Plaintiffs' Suit Fail to Comply With Other Elements of Injunctive Relief**

A.    **Irreparable Harm**

In order to obtain injunctive relief, the plaintiffs must show that they will suffer irreparable harm absent that injunctive relief.  "An injury is 'irreparable' only if it cannot be undone through monetary remedies."'  *Ferro v. Associated Materials, Inc., supra at 1449 (quoting Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir. 1983).*

Plaintiff Emilia Strong Sykes only held the title for 1½ month (April 10, 2006 to June 12, 2006).  Tuskegee was on recess much of that time.  Plaintiffs' complaint is loss of reputation.  The Courts do not appear to have held the loss of reputation as an "irreparable" injury.  Further, Plaintiff Emilia Strong Sykes claims she did not avail herself of a $2,600 stipend because she attended a conference for university pageant winners.  This is monetary. Plaintiff Barbara and Hernon Sykes claim travel to Tuskegee and money spent for an expanded wardrobe for Plaintiff Emilia Strong Sykes. These are all monetary things.  The injury if any, can be calculated monetarily.  Therefore, plaintiffs are not vulnerable to irreparable harm.

B.    **Injunction Threatens Injury to Tuskegee Outweighs Damage to Plaintiff**

Contestant #4 – Calida Joy McCampbell won the popular vote for "Miss Tuskegee.  She had the highest number of points at the pageant, but for the speech timing error, which caused each judge to erroneously deduct one-half of her speech points as an overtime penalty.  The error was clear and Tuskegee did the right thing in correcting the mistake.

This Court must weigh the balance of harm between the parties. *Ferro v. Associated Material, Inc., supra.* As discussed earlier, the plaintiffs have no irreparable harm. On the other hand, if an injunction is entered, Tuskegee will be faced with a loss of its queen to serve as a public relations person for the university (welcome and greet the students, greet guest, attend fall convocation, attend football games, etc.). Based on these considerations, defendants submit that the Court should not order an injunctive relief.

### C.      Public Interest of the Students Will be Harmed by an Injunction

The law favors justice. Tuskegee <u>should</u> <u>not</u> be penalized for in good faith, correcting an egregious error. The public would favor keeping the integrity of the "Miss Tuskegee University", pageant by correcting clear errors. Respectively, without error, Plaintiff Emilia Strong Sykes didn't have the points to win the pageant. Accordingly, this Court should find in the instant case that the public interest would be harmed by the issuance of an injunction against defendants.

## IV.  **CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Honorable Court deny Plaintiffs' Motion for Injunctive Relief and dismiss with prejudice, all claims in the Complaint for lack of jurisdiction.

Respectfully submitted,
/s/Ernestine S. Sapp_____
Ernestine S. Sapp – SAP 004

OF COUNSEL:                                Attorney for Defendants
GRAY, LANGFORD, SAPP,
McGOWAN, GRAY & NATHANSON
P.O. Box  830239
Tuskegee, Alabama  36083-0239
Telephone: (334) 727-4830
Fax:  (334) 727-5877

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2006, I electronically filed the foregoing **Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Percy Squire, Esq.
psquire@sp-lawfirm.com

Respectfully submitted,

/s/Ernestine S. Sapp_____
Ernestine S.  Sapp – SAP 004

E-Mail: esapp@glsmgn.com