UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| EMILIA STRONG SYKES, *et al.* | : | |
| | : | Case No. 3:06cv582-MHT |
| Plaintiffs, | : | |
| | : | Judge Thompson |
| vs. | : | |
| | : | Magistrate Judge Coody |
| BENJAMIN F. PAYTON, *et al.* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO DEFENDANTS
MOTION TO STRIKE AND MOTION TO DISMISS**

I.    **FACTUAL BACKGROUND**

This is a diversity action for intentional infliction of emotional distress and for an order estopping Defendants from arbitrarily revoking the title Miss Tuskegee University from Miss Emilia Sykes.  Plaintiffs seek damages for the emotional distress claim and equitable relief in connection with Plaintiffs claim that is predicated on the doctrine of promissory estoppel.

Plaintiff filed their original complaint on June 29, 2006.  In the original complaint jurisdiction was predicated on both federal question and diversity grounds. The original complaint asserted federal procedural due process claim and aclaim for breach of implied contract.  On July 10, 2006, Defendants filed a motion to dismiss challenging federal question jurisdiction in light of Defendant Tuskegee's private status.  Defendants also erroneously alleged that if federal question jurisdiction failed, that Plaintiffs diversity claim must be dismissed by reason of its ancillary status.  On July 12, 2006, Plaintiffs filed an amended complaint.  The amended complaint added an intentional infliction of

emotional distress claim and requested monetary relief in excess of $75,000.00 exclusive of interest and costs.

Defendants have now moved to strike on grounds that the amended complaint was filed without leave of court and subsequent to the filing of a responsive pleading, defendants' motion to dismiss. Defendants' motion to dismiss claims that the amount in controversy is not $75,000.00. Defendants' arguments are contrary to well-established law. Accordingly, both motions should be denied.

## II.    AMENDED COMPLAINT

The amending of a complaint is governed by Fed. R. Civ. P. 15(a):

> Under *Federal Rule of Civil Procedure 15(a)*, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. *FED. R. CIV. P. 15(a)*. As our court of appeals has noted, the rule "guarantees a plaintiff an absolute right" to amend its complaint once at any time before the defendant has field a responsive pleading and the court has decided a motion to dismiss. *James V. Hurson Assocs., Inc., v. Glickman, 343 U.S. App. D.C. 313, 229, F.3d 277, 282-83 (D.C. Cir. 2000)*. If there is more that one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have not answered. 6 Fed. Prac. & Proc. Civ. 2d § 1481. <u>Motions [**6] to dismiss and for summary judgment are not considered responsive pleadings for the purposes of *Rule 15. Id. at 283*</u>; *Bowden v. United States, 336 U.S. App. D.C. 126, 176 F.3d 552 (D.C. Cir. 1999); United States Info Agency v. Krc, 284 U.S. App. D.C. 284, 905 F.2d 389, 399 (D.C. Cir. 1990).*

Oliver Bancoult v. Robert S. McNamara, *et al.* 214 F.R.D. 5, 6 (D.C. Col. 2003). (Emphasis added.)

Numerous authorities agree that a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). <u>See</u>, *Caine v. Hardy*, 905 F.2d 858 (5th Cir. 1990).

> *Fed.R.Civ.P. 15(a)* provides, in pertinent part, that "[a] [**15] party may amend the party's pleasing once as a matter of course at any time before a responsive pleading is served…." Appellees never filed a responsive pleading, but instead first filed their motion to dismiss for failure to state a claim or for summary judgment. These motions are not pleadings. *Zaidi v. Ehrlich, 732 F.2d 1218, 1219-41 (5th Cir. 1984). See also Fed. R. Civ.P. 7* and *3* J. Moore, Moore's Federal Practice 15.07[2] (2d ed. 1989).

The Eleventh Circuit has specifically rejected the argument made here by Defendants.

> Because the appellees had only filed a motion to dismiss, not a responsive pleading, the appellants were entitled to amend their complaint at least once as a matter of course at any time before a responsive pleading was served. *Fed.R.Civ.P. 15(a)…*

*Fortner v. A.G. Thomas,* 983 F.2d 1024, 1032 (11th Cir. 1993).

> "[A] party may amend his pleadings [**11] once as a matter of course at any time before a responsive pleading is served…." Defendants' only filing prior to the motion to amend was their motion to dismiss and to compel arbitration. Such a motion to dismiss is not a "responsive pleading." *See, e.g., McGruder v. Phelps, 608 F.2d 1023, 1025 [*660] (5th Cir. 1979); Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983).*

*Driscoll v. Smith Barney*, 815 F.2d 655, 659 (11th Cir. 1987).

> [A] motion to dismiss not a motion for summary judgment is a responsive pleading, see *Domino Sugar Corp. v. Sugar Workers Local 392, 10 F.3d 1064.*

*Sonya McIntyre-Hardy v. APAC Customer Services, Inc.*, 422 F. Supp.2d 611, 617 (E.D. Va. 2006).

Based upon these binding authorities Defendants' motion to strike should be summarily overruled.

III.    **MOTION TO DISMISS – AMOUNT IN CONTROVERSY**

In this action, based upon a review of the well pleaded complaint, an amount in excess of $75,000.00 is in controversy.  Plaintiffs seek both equitable and monetary relief.

In connection with equitable relief,

> For amount in controversy purposes, the value of injunctive or declaratory relief is the "value of the object of the litigation" measured from the plaintiff's perspective. *Ericsson GE Mobile Communications, Inc., v Motorola Communications & Elecs., Inc. 120 F.3d 216, 218-20 (11th Cir. 1997)* [**35] (citations omitted). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted."  *Cohen II, 204 F.3d at 1077* (citing *Ericsson, 120 F.3d at 218-20).*

*Morrison v. Allstate Indemnity Co.* 228 F.3d 1255, 1268 (11th Cir. 2000).  From the perspective of Plaintiffs here, the value of an order retaining Emilia Sykes as Miss Tuskegee University is worth a great deal more then $75,000.00.

The title in question here invokes an opportunity for national publicity, networking, job opportunities and the like.  This is a lifetime achievement.  After receiving significant public exposure during the two months the title was with Miss Sykes, avoiding the confusion and embarrassment in having the title revoked is also of a value to Plaintiffs in excess of $75,000.00.

Aside from the value of the object of the litigation, the personal injury claim of Miss Sykes is clearly with more than $75,000.00 Miss Sykes is currently receiving medical treatment for the physical problems she has experienced by reason of the shabby treatment imposed upon her by Defendants.  The future course of this treatment has yet to

4

be determined.  Miss Sykes has experienced physical discomfort, loss of sleep, tension headaches just to mention a few of the problems arising from this dispute.  The Plaintiffs seek more than $75,000.00 as compensation for these ailments.

Here the complaint clearly requests more than $75,000.00.  The Eleventh Circuit has stated:

> [P]laintiff's counsel best knows the value of his client's case and the counsel is engaging no deception." *Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11ᵗʰ Cir. 1994).* Plaintiff's counsel is further presumed to understand the legal rules governing the determination of the amount in controversy in complex cases such as this.  See *Zahn v. International Paper Co., 414 U.S. 291, 94 S. Ct. 505, 38 L.Ed. 2d 511 (1973); Snyder v. Harris, 394 U.S. 332, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969).* So, the court concludes that the admission by plaintiff's counsel that the amount in controversy in this case exceeds $75,000 (See Doc. 34) is entitled to substantial deference.   See generally *Burns, supra.*

*Williams v. Conseco, Inc.*, 57 F. Supp.2d. 1311, 1318 (S.D. Ala. 1999).   (Emphasis added.)

To justify dismissal, "it must appear to a legal certainty that the claim is really less then the jurisdictional amount."

*Register v. RUS of Auburn* 193 F.Supp 2d 1273, (S.D. Ala. 2002).

> Courts' analyses of the "sum or value" of the "amount in controversy," *28 U.S.C. § 1332(a)*, differ somewhat, depending upon the circumstances of the case.  When a plaintiff invokes diversity and sues in a federal court for money damages only, the court views with deference the amount claimed in the complaint as is mandated by the Supreme Court's rule articulated in *St. Paul Mercury Indemnity Co., v. Red Cab Co., 303 U.S. 283, 289, 82 L.Ed. 845, 58 S. Ct. 586 (1938):* "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  legal certainty

is analyzed by [*481] what appears on the face of the complaint;" actual recovery of a lesser amount does not oust federal diversity jurisdiction. *Wolde-Meskel v. Vocational, Instruction Project-Community Services, Inc., 166F.3d 59, 63 (1999).* [**7] [The law] 'recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* A suit for money damages requires a relatively straightforward analysis of the dollar amount claimed in the complaint, viewed in the light of the circumstances of the case.

*Maxons v. Restorations, Inc.*, 292 F. Supp 2d 477, 478 (S.D. New York 2003).

There is clearly no legal certainty that less than $75,000.00 is in controversy here..

IV.    **CONCLUSION**

For the above reasons both of Defendants motions should be denied and overruled.

Respectfully submitted,

s/Percy Squire_____
Percy Squire, Esq.( 0022010)
Percy Squire Co., LLC
514 S. High Street
Columbus, Ohio 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via email via the CM/ECF system to the party below, on the 27th day of July, 2006:

Ernestine S. Sapp
esapp@glsmgn.com

s/Percy Squire
Percy Squire, Esq.( 0022010)