IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


EMILIA STRONG SYKES,        )
et al.,                     )
                            )
    Plaintiffs,             )
                            )
    v.                      )    CIVIL ACTION NO.
                            )     3:06cv582-MHT
BENJAMIN F. PAYTON, etc.,   )        (WO)
et al.,                     )
                            )
    Defendants.             )


ORDER

The plaintiffs invoke the jurisdiction of this court
under 28 U.S.C. § 1332(a)(1), which authorizes federal
district courts to exercise original jurisdiction in
civil actions between citizens of different states "where
the matter in controversy exceeds the sum or value of
$75,000, exclusive of interests and costs."

"The rule governing dismissal for want of
jurisdiction in cases brought in the federal court is
that ... the sum claimed by the plaintiff controls if the
claim is apparently made in good faith. ...   It must

appear to legal certainty that the claim is really less than the jurisdictional amount to justify the dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective. Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc., 120 F.3d 216, 218-20 (11th Cir. 1997). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (internal quotations and citations omitted).

Earlier in these proceedings, the defendants questioned whether this court had subject-matter jurisdiction over the plaintiffs' claims, but based their argument on the lack of a federal question. At the conclusion of the hearing held on July 31, 2006, it was

unclear if the defendants were now contending that this court lacks subject-matter jurisdiction because the plaintiffs have not satisfied the amount-in-controversy requirement of diversity jurisdiction.

Accordingly, it is ORDERED that the defendants have until August 22, 2006, to file a brief addressing the question of subject-matter jurisdiction.   The brief should address, at a minimum, the appropriate burden of proof for this inquiry; the appropriate method for valuing the injunctive relief sought by the plaintiffs; and the effect, in any, of the court's dismissal of the plaintiffs' claim for outrage on the computation of the amount in controversy.

It is further ORDERED that the plaintiffs will have until September 5, 2006, to respond.

DONE, this the 1st day of August, 2006.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE